IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PETER JAMES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 4:21-cv-926-ALM-KPJ |
| KEEL RECOVERY, § | |
| § | |
| Defendants. § | |
| § | |

ORDER AND REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636. As set forth below, the Court recommends Plaintiff Peter James's ("Plaintiff") claims against Defendant Keel Recovery ("Defendant") be **DISMISSED WITHOUT PREJUDICE**.

I. DISCUSSION

Federal Rule of Civil Procedure Rule 41(b) authorizes dismissal of an action, either *sua sponte* or upon a defendant's motion, with or without prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *accord Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F. 3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)). Rule 41(b) applies equally where, as here, the plaintiff is proceeding *pro se*. *See Wright v. LBA Hosp.*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

Plaintiff has failed to prosecute this action as ordered by the Court and as required by the Federal Rules of Civil Procedure and Local Rules for the Eastern District of Texas. On April 1,

1

2022, the Court entered an Order Governing Proceedings (Dkt. 10), which required the parties to perform the following actions by the dates indicated:

- Rule 26(f) attorney conference on or before April 19, 2022,
- Complete initial mandatory disclosures on or before April 29, 2022,
- File joint report of attorney conference on or before May 3, 2022, and
- Appear for a Rule 16 management conference on May 11, 2022.

*See* Dkt. 10. On May 10, 2022, the parties informed the Court they had not conducted a Rule 26(f) conference, as required. *See* Dkt. 11. Accordingly, the Court reset the Rule 16 management conference and ordered the parties to perform the following actions by the dates indicated:

- Rule 26(f) attorney conference on or before May 29, 2022,
- Complete initial mandatory disclosures on or before June 8, 2022,
- File joint report of attorney conference on or before June 12, 2022, and
- Appear for a Rule 16 management conference on June 29, 2022.

*See id.* The parties did not file their joint report of attorney conference, as required.

As a result, Plaintiff and/or Defendant were ordered to file, on or before June 24, 2022, either a Rule 26(f) report or a notice explaining the parties' failure to comply with the Court's previous orders. *See* Dkt. 12. Plaintiff was advised that "[i]f no such documents are filed, the Court will recommend that Plaintiff's claims be dismissed without prejudice" and further that "[i]f dismissal is satisfactory to Plaintiff, no further action is necessary." *See id.* To date, no such filing has been entered.

## II.     RECOMMENDATION

Accordingly, the Court recommends Plaintiff's claims against Defendant be **DISMISSED WITHOUT PREJUDICE** for want of prosecution.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

### III.   ORDER

**IT IS ORDERED** that the Rule 16 management conference set for June 29, 2022, is hereby **CANCELED.**

**So ORDERED and SIGNED this 27th day of June, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE